JOURNAL ENTRY AND OPINION
On September 1, 1999, the relator, Alonzo Hardy, commenced this mandamus action against the respondent. Judge Richard J. McMonagle, to compel the judge to issue a journal entry specifying the number of days of jail credit to which he is entitled. Mr. Hardy maintains that he is entitled to fifty-nine days of jail time credit and that he filed a motion for such credit in October 1998, in the underlying case, State of Ohiov. Alonzo Hardy, Cuyahoga County Common Pleas Court Case No. CR-365921. On September 30, 1999, the respondent through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. However, the order attached to that motion did not specify the number of days of credit; it only ordered the sheriff to calculate the number of days. This court denied that motion.
On January 11, 2000, the respondent again moved for summary judgment on the grounds of mootness. Attached to this motion was a copy of a certified, signed journal entry, file stamped October 8, 1999, in which the trial judge stated that Mr. Hardy was entitled to sixty days of jail time credit. Mr. Hardy did not file a response. The respondent has established that Mr. Hardy has received his requested relief, an entry stating the number of days of jail time credit. Thus, this mandamus action is moot.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45 (B) (1) (a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported; and State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator.
JUDGMENT: WRIT DENIED.
TERRENCE O'DONNELL., CONCURS.
 ___________________________________ ANN DYKE, ADMINISTRATIVE JUDGE